**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3411
_____

STEPHEN MALONEY BROWN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A037-333-730)
Immigration Judge: Nelson A. Vargas-Padilla

_____

Submitted Under Third Circuit L.A.R 34.1(a)
December 14, 2021

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*

(Opinion filed: May 31, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Stephen Maloney Brown, a Jamaican national, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his motion to remand his removal proceedings and dismissing his appeal from the decision of the Immigration Judge ("IJ"). For the reasons set forth below, we will deny the petition.

## I. Discussion[1]

In his motion to remand, Brown argues that his prior counsel provided ineffective assistance by not filing an application for deferral of removal under the Convention Against Torture ("CAT") and by electing not to pursue relief before the IJ without his knowledge or consent. To warrant remand, Brown "must demonstrate that 'competent counsel would have acted otherwise' and that he was 'prejudiced by counsel's poor performance.'"[2] *Calderon-Rosas v. Att'y Gen*., 957 F.3d 378, 388 (3d Cir. 2020) (quoting *Fadiga v. Att'y Gen.*, 488 F.3d 142, 157 (3d Cir. 2007). Brown's claim fails on the prejudice prong.

To be eligible for deferral of removal under the CAT, Brown would need to show that he would likely be tortured by or with the acquiescence of the Jamaican government

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction over Brown's petition for review under 8 U.S.C. § 1252(a)(1). *See Cruz v. Att'y Gen.*, 452 F.3d 240, 246 (3d Cir. 2006). We review the BIA's denial of his motion to remand for abuse of discretion, *see Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004), and "the Board's determination of an underlying procedural due process claim," including Brown's ineffective assistance of counsel claim, de novo, *Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 383 (3d Cir. 2020).

[2] Brown also satisfied the BIA's procedural requirements for ineffective-assistance claims. *See Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

2

if he were removed to Jamaica. 8 C.F.R. § 1208.16(c)(2); *Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005). The evidence Brown submitted with his motion to remand, however, is insufficient to establish a "reasonable probability" that he would have met the standard for CAT relief and that "the IJ would not have entered an order of removal absent counsel's errors." *Fadiga*, 488 F.3d at 159. Though Brown's statement alleges continuing threats against his life as recently as 2020, there is no evidence that the threatened acts would be carried out by or with the acquiescence of the Jamaican government. Likewise, while Brown stated that he fears his cousin and his associates who have ties to the Jamaican government, he has provided no evidence of "what is likely to happen" if he were removed or whether it would "amount to the legal definition of torture." *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017). Because Brown cannot establish that he was prejudiced by his counsel's failure to apply for CAT relief, the BIA did not err by denying his motion to remand.

In his appeal of the IJ's decision, Brown argues that the IJ deprived him of due process by not ensuring that his waiver of the right to seek relief under the CAT was made "voluntarily and intelligently." *Richardson v. United States*, 558 F.3d 216, 219-20 (3d Cir. 2009). To establish a procedural due process violation, Brown must show "(1) that he was prevented from reasonably presenting his case[,] and (2) that substantial prejudice resulted." *Fadiga*, 488 F.3d at 155 (quoting *Khan v. Att'y Gen.*, 448 F.3d 226, 236 (3d Cir. 2006)). Because Brown cannot demonstrate that the alleged deprivation had a reasonable likelihood of "affecting the outcome" of the proceedings, *Cham v. Att'y Gen.*, 445 F.3d 683, 694 (3d Cir. 2006), his due process claim also fails on prejudice

3

grounds.[3]

Finally, Brown argues that the IJ violated two BIA regulations, 8 C.F.R. §§ 1240.11(a)(2) and 1240.11(c)(1) by not advising him that he could seek CAT relief. He contends that, because these regulations "implicate fundamental statutory or constitutional rights," no showing of prejudice is required to merit remand. *Leslie v. Att'y Gen.*, 611 F.3d 171, 180 (3d Cir. 2010). Because neither regulation was violated, however, these claims fail as well.

The first regulation, 8 C.F.R. § 1240.11(a)(2), requires that an IJ "inform the alien of his or her apparent eligibility to apply for any of the benefits included in this chapter and shall afford the alien an opportunity to make application during the hearing." At the May 8 hearing, Brown's counsel informed the IJ that he had discussed with Brown his eligibility to apply for asylum, withholding of removal, and relief under the CAT. The IJ thus had no obligation to reiterate the availability of these forms of relief. Nonetheless, before ordering Brown removed, the IJ provided an opportunity to apply for relief, which Brown's counsel declined. The IJ thus satisfied the requirements of § 1240.11(a)(2).[4]

---

[3] The same standard for prejudice applies to both Brown's ineffective-assistance claim and his procedural due process claims, *see Fadiga*, 488 F.3d at 159, and Brown argues in both claims that he was prejudiced by being prevented from seeking deferral of removal under the CAT. Thus, while the BIA did not directly address prejudice in connection with Brown's procedural due process claim because it determined that he had not waived any constitutional or statutory rights, its discussion of prejudice with respect to his ineffective-assistance claim applies with equal force.

[4] We disagree with the government's argument that the IJ at Brown's December 12 group hearing satisfied 8 C.F.R. § 1240.11(a)(2). First, a group colloquy outlining the various forms of relief available does not provide a noncitizen with individualized notice of "his or her" eligibility to apply for relief. 8 C.F.R. § 1240.11(a)(2); *see also Moran-Enriquez*

4

Under the second regulation, 8 C.F.R. § 1240.11(c)(1), if a noncitizen "expresses fear of persecution or harm upon return to any of the countries to which [they] might be removed," the IJ shall (1) advise them that they may apply for fear-based relief and (2) make available the appropriate forms. 8 C.F.R. § 1240.11(c)(1). This duty is triggered when a noncitizen expresses fear of the kind that suggests a reasonable possibility that they may be eligible for relief. *See Jimenez-Aguilar v. Barr*, 977 F.3d 603, 608 (7th Cir. 2020); *C.J.L.G. v. Barr*, 923 F.3d 622, 627 (9th Cir. 2019). Brown argues that threshold was met by his counsel's statement at the May 8 hearing that Brown "fear[ed] returning to Jamaica" and that "under CAT . . . there's something related to his cousins, they're setting him up with the police." AR 197. But even if that statement should have alerted the IJ that Brown might have been eligible for CAT relief, the IJ was also entitled to rely upon counsel's representation that he had already discussed with Brown the availability of CAT relief. We cannot conclude in that situation that the IJ violated § 1240.11(c)(1).

## II. Conclusion

For the foregoing reasons, we will deny the petition as to the BIA's October 30, 2020 order.

---

v. *I.N.S.*, 844 F.2d 420, 423 (9th Cir. 1989) (interpreting the "apparent eligibility" standard of 8 C.F.R. § 242.17(a) as requiring an IJ to advise an alien of the possibility of relief where his or her particular record "raises a reasonable probability" of eligibility). Second, at no point did the IJ provide Brown "an opportunity to make application" during the December 12 hearing. 8 C.F.R. § 1240.11(a)(2).